# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

BROADCAST MUSIC, INC.;
BOCEPHUS MUSIC, INC.;
SONY/ATV SONGS LLC d/b/a
SONY/ATV TREE PUBLISHING;
WARNER-TAMERLANE
PUBLISHING CORP.; ELEKSYLUM
MUSIC, INC.; NO SURRENDER
MUSIC, a division of PRAXIS
INTERNATIONAL
COMMUNICATIONS, INC.; GROPER
MUSIC; RHYTHM WRANGLER
MUSIC; UNIVERSAL – SONGS OF
POLYGRAM INTERNATIONAL,
INC.; EMI CONSORTIUM SONGS,
INC. d/b/a EMI LONGITUDE MUSIC;
SONGS OF UNIVERSAL, INC.;
UNIVERSAL MUSIC MGB NA LLC
d/b/a UNIVERSAL MUSIC
CAREERS; STEVE O'BRIEN MUSIC;
EMI BLACKWOOD MUSIC, INC.;
LUCKY THUMB MUSIC; NOAH'S
LITTLE BOAT MUSIC; SEA GAYLE
MUSIC LLC d/b/a NEW SONGS OF
SEA GAYLE; ELDOROTTO MUSIC
PUBLISHING; BIG GASSED
HITTIES; SPIRIT MUSIC GROUP
INC. d/b/a SPIRIT OF NASHVILLE
ONE,

        Plaintiffs,

  v.

3:19-CV-26-SRW

MCBRIDE ENTERTAINMENT, LLC
d/b/a THE BUCK WILD SALOON and
DAVID MCBRIDE and SKYLAR
MCBRIDE, each individually

              Defendants.

RECEIVED

2019 JAN -7  A 10: 40

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

### JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

### THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in nearly 14 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

2

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Bocephus Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Eleksylum Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff No Surrender Music, a division of Praxis International Communications, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Groper Music is a sole proprietorship owned by Jerry Jeff Walker. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Rhythm Wrangler Music is a sole proprietorship owned by Christopher David Wall. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff Universal – Songs of Polygram International, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Plaintiff EMI Consortium Songs, Inc. is a corporation doing business as EMI Longitude Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

14. Plaintiff Universal Music MGB NA LLC is a limited liability company doing business as Universal Music Careers. This Plaintiff is a copyright owner of at least one of the songs in this matter.

15. Plaintiff Steve O'Brien Music is a sole proprietorship owned by Steve O'Brien. This Plaintiff is a copyright owner of at least one of the songs in this matter.

16. Plaintiff EMI Blackwood Music Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

17. Plaintiff Lucky Thumb Music is a sole proprietorship owned by Cory J. Gierman. This Plaintiff is a copyright owner of at least one of the songs in this matter.

18. Plaintiff Noah's Little Boat Music is a sole proprietorship owned by Lee Thomas Miller. This Plaintiff is a copyright owner of at least one of the songs in this matter.

19. Plaintiff Sea Gayle Music LLC is a limited liability company doing business as New Songs of Sea Gayle. This Plaintiff is a copyright owner of at least one of the songs in this matter.

20. Plaintiff Eldorotto Music Publishing is a sole proprietorship owned by James Allen Otto. This Plaintiff is a copyright owner of at least one of the songs in this matter.

21. Plaintiff Big Gassed Hitties is a sole proprietorship owned by Jamey Van Johnson. This Plaintiff is a copyright owner of at least one of the songs in this matter.

22. Plaintiff Spirit Music Group Inc. is a corporation doing business as Spirit of Nashville One. This Plaintiff is a copyright owner of at least one of the songs in this matter.

23. Defendant McBride Entertainment, LLC is a limited liability company organized and existing under the laws of the state of Alabama which operates, maintains and controls an establishment known as The Buck Wild Saloon, located at 17695 US Hwy 280 E, Smith Station, AL  36877, in this district (the "Establishment").

5

24. In connection with the operation of the Establishment, Defendant McBride Entertainment, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

25. Defendant McBride Entertainment, LLC has a direct financial interest in the Establishment.

26. Defendant David McBride is an officer of Defendant McBride Entertainment, LLC with responsibility for the operation and management of that LLC and the Establishment.

27. Defendant David McBride has the right and ability to supervise the activities of McBride Entertainment, LLC and a direct financial interest in that LLC and the Establishment.

28. Defendant Skylar McBride is the owner of Defendant McBride Entertainment, LLC with responsibility for the operation and management of that LLC and the Establishment.

29. Defendant Skylar McBride has the right and ability to supervise the activities of McBride Entertainment, LLC and a direct financial interest in that LLC and the Establishment

## CLAIMS OF COPYRIGHT INFRINGEMENT

30. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 29.

31. Since May 2016, BMI has reached out to Defendants over fifty (50) times, by phone, mail and email in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

32. Plaintiffs allege seven (7) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

33. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the seven (7) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying

the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

34. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

35. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

36. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

37. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

38. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c); Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(III) Plaintiffs have such other and further relief as is just and equitable.

Dated: January 4, 2019

*[signature]*
James P. Pewitt
JAMES P. PEWITT, LLC
2 20th Street North
Suite 925
Birmingham, AL 35203
Tel: 205-874-6686
Email: jim@jamespewitt.com

*Attorney(s) for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Born To Boogie |
| Line 3 | Writer(s) | Randall Hank Williams Jr. a/k/a Hank Williams Jr. |
| Line 4 | Publisher Plaintiff(s) | Bocephus Music, Inc. |
| Line 5 | Date(s) of Registration | 4/9/87 |
| Line 6 | Registration No(s). | PA 323-651 |
| Line 7 | Date(s) of Infringement | 1/19/18 |
| Line 8 | Place of Infringement | The Buck Wild Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Going Where The Lonely Go |
| Line 3 | Writer(s) | Merle Haggard; Dean Holloway |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing |
| Line 5 | Date(s) of Registration | 7/11/83 |
| Line 6 | Registration No(s). | PA 178-382 |
| Line 7 | Date(s) of Infringement | 1/19/18 |
| Line 8 | Place of Infringement | The Buck Wild Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Keep Your Hands To Yourself |
| Line 3 | Writer(s) | Dan Baird |
| Line 4 | Publisher Plaintiff(s) | Warner-Tamerlane Publishing Corp.; Eleksylum Music, Inc.; No Surrender Music, a division of Praxis International Communications, Inc. |
| Line 5 | Date(s) of Registration | 10/15/86 |
| Line 6 | Registration No(s). | PA 304-742 |
| Line 7 | Date(s) of Infringement | 1/19/18 |
| Line 8 | Place of Infringement | The Buck Wild Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Trashy Women |
| Line 3 | Writer(s) | Christopher David Wall |
| Line 4 | Publisher Plaintiff(s) | Jerry Jeff Walker, an individual d/b/a Groper Music; Christopher David Wall, an individual d/b/a Rhythm Wrangler Music |
| Line 5 | Date(s) of Registration | 10/17/88 |
| Line 6 | Registration No(s). | PAu 1 150 124 |
| Line 7 | Date(s) of Infringement | 1/19/18 |
| Line 8 | Place of Infringement | The Buck Wild Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Whiskey Ain't Workin' a/k/a The Whiskey Ain't Workin' |
| Line 3 | Writer(s) | Ronny Scaife; Marty Stuart |
| Line 4 | Publisher Plaintiff(s) | Universal - Songs of Polygram International, Inc. |
| Line 5 | Date(s) of Registration | 2/11/91 |
| Line 6 | Registration No(s). | PA 505-747 |
| Line 7 | Date(s) of Infringement | 1/19/18 |
| Line 8 | Place of Infringement | The Buck Wild Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | Rock My World a/k/a Rock My World (Little Country Girl) |
| Line 3 | Writer(s) | Bill LaBounty; Steve O'Brien |
| Line 4 | Publisher Plaintiff(s) | EMI Consortium Songs, Inc. d/b/a EMI Longitude Music; Songs of Universal, Inc.; Universal Music MGB NA LLC d/b/a Universal Music Careers; Steve O'Brien, an individual d/b/a Steve O'Brien Music |
| Line 5 | Date(s) of Registration | 6/22/93 |
| Line 6 | Registration No(s). | PA 627-499 |
| Line 7 | Date(s) of Infringement | 1/19/18 |
| Line 8 | Place of Infringement | The Buck Wild Saloon |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 7 | |
| Line 2 | Musical Composition | In Color | |
| Line 3 | Writer(s) | Jamey Johnson; Lee Thomas Miller a/k/a Lee Thomas; James Otto | |
| Line 4 | Publisher Plaintiff(s) | EMI Blackwood Music Inc.; Warner-Tamerlane Publishing Corp.; Cory J. Gierman d/b/a Lucky Thumb Music; Lee Thomas Miller d/b/a Noah's Little Boat Music; Sea Gayle Music LLC d/b/a New Songs Of Sea Gayle; James Allen Otto d/b/a Eldorotto Music Publishing; Jamey Van Johnson d/b/a Big Gassed Hitties; Spirit Music Group Inc. d/b/a Spirit Of Nashville One | |
| Line 5 | Date(s) of Registration | 10/16/08 | 3/11/09 |
| Line 6 | Registration No(s). | PA 1-640-759 | PA 1-639-958 |
| Line 7 | Date(s) of Infringement | 1/19/18 | |
| Line 8 | Place of Infringement | The Buck Wild Saloon | |